NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| GEORGE DIEHL, | : | |
| Plaintiff, | : | Civil No. 06-1305 (RBK) |
| v. | : | **OPINION** |
| BURLEW, et al., | : | |
| Defendants. | : | |

**KUGLER**, United States District Judge:

This matter comes before the Court upon motion by Defendant Nock to dismiss the claims of Plaintiff pro se George Diehl ("Plaintiff") against him. For the reasons set forth below, Nock's motion will be granted.

## I.   BACKGROUND

Plaintiff, an inmate at South Woods State Prison ("SWSP") in Bridgeton, New Jersey, submitted the above-captioned Complaint on March 14, 2006, against Nock, a State Corrections Officer at SWSP, as well as several other State Corrections Officers, a psychiatrist, and a psychologist.[1]  Plaintiff's application to proceed in forma pauperis was granted on April 17, 2006, and his Complaint was filed that day.  Plaintiff's Complaint, brought

---

[1] In an Order dated April 23, 2007, this Court dismissed Plaintiff's claims against State Corrections Officer Diamond, one of these additional defendants.

pursuant to 42 U.S.C. § 1983, alleged that Nock and the other defendants violated Plaintiff's constitutional rights, as they ignored Plaintiff's requests for a cell change, and that as a result, Plaintiff was assaulted by his cellmate on May 9, 2004, resulting in permanent injuries to Plaintiff.

In the present motion, filed on May 8, 2007, Nock moves for dismissal of the claims against him on the grounds that (1) Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act; (2) Plaintiff cannot show that Nock violated Plaintiff's Eighth Amendment rights; and (3) Nock did not violate Plaintiff's Equal Protection rights.[2]  Nock's motion is for dismissal pursuant to Fed. R. Civ. P. 12(b)(6), or in the alternative, summary judgment pursuant to Fed. R. Civ. P. 56.  Plaintiff has not filed a brief opposing Nock's motion.

## II. STANDARD

A motion to dismiss for failure to exhaust administrative remedies is treated as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). <u>Robinson v. Dalton</u>, 107 F.3d 1018, 1022 (3d Cir. 1997). However, once the parties go "beyond the face of the pleadings" to establish whether the administrative remedies

---

[2] Because the Court now finds, as provided below, that Plaintiff has failed to exhaust his administrative remedies with regard to his claims against Nock, the Court will not reach Nock's additional arguments.

have been exhausted, courts should treat the issue "in a manner consistent with Rule 56 for summary judgment." Id.

Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could find for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment. Celotex, 477 U.S. at 330. The moving party may satisfy this burden by either (1) submitting affirmative evidence that negates an essential element of the nonmoving party's claim; or (2) demonstrating to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's case. Id. at 331.

Once the moving party satisfies this initial burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). To do so, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

Rather, to survive summary judgment, the nonmoving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." Serbin, 96 F.3d at 69 n.2 (quoting Celotex, 477 U.S. at 322); Heffron v. Adamar of New Jersey, Inc., 270 F. Supp. 2d 562, 568-69 (D.N.J. 2003). "If the non-movant's evidence on any essential element of the claims asserted is merely 'colorable' or is 'not significantly probative,' the court must enter summary judgment in favor of the moving party." Heffron, 270 F. Supp. 2d at 69 (citing Anderson, 477 U.S. at 249-50).

Lastly, although Plaintiff has not opposed Nock's motion, a district court may not grant a motion for summary judgment without examining the merits, solely on the basis that it is unopposed. Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991) (citing Anchorage Assoc. v. Virgin Islands Bd. of Tax Rev., 922 F.2d 168 (3d Cir. 1990)).

## III. ANALYSIS

Under the Prison Litigation Reform Act of 1995 ("PLRA"), codified as 42 U.S.C. § 1997e, prisoners are precluded from contesting prison conditions in federal court until exhausting "all avenues of relief available to them within their prison's inmate grievance system." Spruill v. Gillis, 372 F.3d 218, 227 (3d Cir. 2004) (holding that the failure to "properly" exhaust

administrative remedies under the PLRA constitutes a procedural default).[3] The purpose of the exhaustion requirement is "(1) to return control of the inmate grievance process to prison administrators; (2) to encourage development of an administrative record, and perhaps settlements, within the inmate grievance process; and (3) to reduce the burden on the federal courts by erecting barriers to frivolous prisoner lawsuits." Spruill, 372 F.3d at 230. With the requirement, Congress intended to afford "corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." Id. at 227.

The exhaustion requirement's broad scope indicates that it "applies to all federal claims brought by any inmate," including claims related to specific incidents and claims of ongoing conditions. Porter v. Nussle, 534 U.S. 516, 520, 532 (2002). Claims requiring exhaustion include allegations of discrimination, Jones v. Maher, 131 Fed. Appx. 813, 815 (3d Cir. 2005), and physical attacks by officers or other inmates, Dempsky v. Walker, 420 F. Supp. 2d 370 (D.N.J. 2006). Additionally, the plaintiff must pursue to completion all available administrative

---

[3] Specifically, section 803(d) of the PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

remedies, even if they are not "plain, speedy, and effective," do "not meet federal standards," or could not result in the relief requested in the suit. Nussle, 534 U.S. at 524. Grievance procedures set forth in an inmate handbook constitute such a remedy, even if they are not formally adopted by any state administrative agency. Concepcion v. Morton, 306 F.3d 1347, 1348, 1349 (3d Cir. 2002).

The prisoner must "carry the grievance through any available appeals process" before the remedies will be deemed exhausted. Camino v. Scott, No. 05-4201, 2006 WL 1644707, *4 (D.N.J. June 7, 2006) (citing Nyhuis, 204 F.3d at 67; Spruill, 372 F.3d at 232). Failure to exhaust remedies mandates dismissal of the inmate's claim. Booth v. Churner, 532 U.S. 731, 739 (2001); Ahmed v. Sromovski, 103 F. Supp. 2d 838, 843 (E.D. Pa. 2000); Wilkins v. Bittenbender, No. 04-2397, 2006 WL 860140 (M.D. Pa. Mar. 31, 2006).

In this instance, the SWSP Inmate Handbook ("Handbook") establishes a formalized grievance procedure utilizing an Inmate Request Tracking System "to provide a direct and confidential route for inmates to make the Administration aware of their problems and concerns [and] allow the Administration to effect timely and appropriate responses to these problems and concerns." (Def.'s Br, Villar Aff., Ex. B at 96.)

The inmate grievance program at SWSP is a four-step process,

6

requiring an inmate to submit an inmate request form, an interview request form, an administrative remedy form, and an administrative remedy form - appeal. (Def.'s Br, Villar Aff., Ex. B at 96.) Inmates are directed to place the forms in labeled drop boxes in their housing units.

Nock asserts that Plaintiff has failed to exhaust these required steps before filing his Complaint. Of all the grievance forms submitted by Plaintiff between July 3, 2003 and May 15, 2006, none pertain to the allegations raised in his Complaint. (Def.'s Br., Villar Aff. ¶ 10 and Ex. C.) Moreover, Plaintiff was clearly aware of the remedy forms, as he submitted them on numerous occasions regarding other matters. Plaintiff does not contest Nock's assertions, as he has not filed a brief opposing Nock's motion. Accordingly, this Court finds that Plaintiff has failed to exhaust administrative remedies before bringing this action, as required by the PLRA.

**IV. CONCLUSION**

Based on the foregoing reasoning, Plaintiff's claims against Defendant Nock will be dismissed for failure to exhaust administrative remedies pursuant to the PLRA. The accompanying Order shall issue today.

Dated: June 8, 2007              s/ Robert B. Kugler
                                 ROBERT B. KUGLER
                                 United States District Judge